IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID CRUTCHFIELD,

    Plaintiff,

v.                                   Civil Action No. CV-01-J-368-S

THE TRIZETTO GROUP, INC.

    Defendant.

## MEMORANDUM OPINION

This cause comes before the court on defendant's motion for summary judgment (doc. 8), with evidentiary materials in support thereof, and memorandum of law. The plaintiff submitted a brief in opposition thereto with supporting evidentiary materials (doc. 9).[1] The court has reviewed the pleadings, the motion, the memoranda of law, and the evidentiary submissions of the parties.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment

---

[1] The plaintiff submitted his brief in opposition and supporting evidentiary materials four days after their due date. The court has considered the submissions despite the late filing.

10

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.

*See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### Facts

This case is about plaintiff's attempt to exercise expired stock options, the vesting of which were accelerated at the time of his termination. The plaintiff is a citizen of Alabama who in April 1999 was offered employment with defendant. The defendant, a citizen of the state of California, is a technology firm that provides computer hardware, network, applications and technical support and billing collection services for physician practice groups. As part of his employment package, defendant offered plaintiff 25,000 common stock options subject to final approval by defendant's Board of Directors. Defendant's Ex. 4, 5, 8. On May 21, 1999, the Board approved the stock options and sent plaintiff a copy of the 1998 Stock Option Plan and a summary of plan and option provisions. Defendant's Ex. 11, 12. On that date, plaintiff and defendant signed a Stock

Option Agreement, which incorporated by reference the 1998 Stock Option Plan. Defendant's Ex. 10.

The 1998 Stock Option Plan and the Option Agreement govern the terms of stock options granted to all employees. Foster Dec. at ¶¶2,3. Under the Plan's vesting schedule, twenty-five percent of plaintiff's stock options were to vest annually on the anniversary date of his grant during years one to four of his employment. Foster Dec. at ¶3. However, in January 2000, before any options had vested, defendant terminated plaintiff's employment. Foster Dec. at ¶4. Defendant offered plaintiff a Separation Agreement, which stated "TriZetto will accelerate the vesting of 5,000 stock options through a stock option agreement dated 05/21/99." Defendant's Ex. 3 at ¶4B. On February 22, 2000, plaintiff signed the Separation Agreement. Crutchfield Dep. at 132. On August 28, 2000, plaintiff attempted to exercise his options. Defendant's Ex. 14. He was informed that the options had expired due to clauses in the 1998 Stock Option Plan and plaintiff's Option Agreement. *Id.*

## Analysis

The plaintiff brings a three count complaint against defendant. Plaintiff alleges defendant has breached its contract with plaintiff, that defendant committed fraud against plaintiff, and that defendant acted in a negligent and/or wanton manner in failing to inform plaintiff of the 30 day deadline to exercise his stock options.

The plaintiff's claim for breach of contract fails. It is undisputed that defendant accelerated the vesting of 5000 stock options through a stock option agreement dated 5/21/99. *See* Separation Agreement, Defendant's Ex. 3 at ¶4B. Section 5 of the Option

Agreement specifically states "[i]f the Participant terminates employment . . . with the Company, the Option . . . shall terminate and become null and void as provided and at the times specified in Section 3.2 of the [1998 Stock Option] Plan." Defendant's Ex. 10. Section 3.2.1 of the 1998 Stock Option Plan states, in pertinent part, "the Participant will have until the date which is 30 days after his or her Severance date to exercise any Option (or portion thereof) to the extent that it is exercisable on the Severance Date. In such cases, the Option, to the extent not exercisable on the Severance Date, will terminate." Defendant's Ex. 11. Plaintiff had these documents, was familiar with them, understood them, had his lawyers review them, and failed to exercise his vested options within the time limit provided by the plan. Crutchfield Dep. at 88-89, 132. Plaintiff's failure to timely exercise his stock options does not constitute a breach of contract on the part of defendant. The contract was neither unclear nor ambiguous. Plaintiff simply failed to exercise his options pursuant to the terms of the plan.

      Plaintiff alleges fraud and negligence/wantonness on the part of the defendant. Plaintiff's fraud claim fails because it is undisputed that defendant neither suppressed any material fact regarding plaintiff's stock options nor made any false representation. Defendant gave plaintiff all the information he needed in order to evaluate how to exercise his options. This is the same information plaintiff now claims defendant suppressed. Obviously, the defendant cannot suppress what the plaintiff has in his possession. *See Richardson v. Liberty Nat. Life Ins. Co.*, 750 So.2d 575, 578 (Ala. Civ. App. 1999) ("If one receives from a defendant documents that put him on notice of the very facts alleged to have been suppressed, then that defendant cannot have suppressed

5

those facts"). "To prevail on a claim of ordinary fraud, that is, fraudulent misrepresentation, a plaintiff must produce substantial evidence indicating (1) that the defendant made a false representation (2) of a 'material existing fact,' (3) upon which the plaintiff reasonably relied (4) to his damage as a proximate result." *US Diagnostic Inc. v. Shelby Radiology, P.C.*, 793 So.2d 714, 720-21 (Ala. 2000). Even though plaintiff has presented no evidence that defendant misrepresented any facts to plaintiff, the undisputed evidence additionally shows that plaintiff did not rely on defendant's representations, but rather was relaying the information to his attorneys and relied on their advice. Thus plaintiff cannot prove reasonable reliance. Defendant's Ex. 14; Crutchfield Dep. at 131-32.

Finally, plaintiff's claim for negligence and/or wantonness fails. To establish negligence, plaintiff must prove that defendant owed plaintiff a duty, that it breached that duty, and that the breach proximately caused plaintiff to be injured or damaged. *See Martin v. Arnold*, 643 So.2d 564, 567 (Ala. 1994). "To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty . . . that . . . proximately caused the injury of which the plaintiff complains." *Id.*

Plaintiff's claims fail because plaintiff has failed to establish that defendant owed him a duty. Where plaintiff has received and reviewed the Option Agreement and Plan, defendant is not responsible for the plaintiff's confusion regarding the specific provisions of his plan. *See Hanks v. Alfa Mut. Ins. Co.*, 753 So.2d 1161, 1163 (Ala. Civ. App. 1999); *see also Banks v. SCI Alabama Funeral Services, Inc.*, 2001 WL 499043, *4 (Ala.

Civ. App. 2001).[2]

The plaintiff has failed to raise a genuine issue of material fact. Therefore, defendant's motion for summary judgment (doc. 8) is due to be and hereby is **GRANTED**.

**DONE** and **ORDERED** on this 30 day of November, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[2]Additionally, plaintiff has produced no evidence of the requisite intent needed to maintain his claim of wantonness.